**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

UNITED STATES OF AMERICA,
for use and benefit of
VECTOR CORROSION TECHNOLOGIES, INC.,
2504 Main Avenue West,
West Fargo, North Dakota 58078

    Plaintiff,

v.

NGM INSURANCE COMPANY,
4601 Touchton Road East, Suite 3400
Jacksonville, Florida 32246

*and*

CECOS GROUP, LLC,
403 Vine Street, 3rd Floor
Cincinnati, Ohio 45202

    Defendants.

Case No. 1:19-CV-2007

**JURY TRIAL DEMANDED**

## COMPLAINT

Pursuant to the Miller Act, 40 U.S.C. § 3131–34, and applicable law, Plaintiff Vector Corrosion Technologies, Inc., through its attorneys Stinson LLP and Hahn Loeser & Parks LLP, alleges as follows for its Complaint against Defendants, including allegations regarding its claims under the Miller Act and the Miller Act Bond, and other claims herein, while expressly reserving all other contractual, statutory and equitable rights and claims:

**JURISDICTION AND VENUE**

1.    This civil action arises under the Miller Act, 40 U.S.C. § 3131–34. Pursuant to

28 U.S.C. § 1331, this court therefore has jurisdiction of this action.

2. This is an action on a payment bond executed under the Miller Act. Pursuant to 28 U.S.C. § 1352, this court therefore also has jurisdiction of this action.

3. Further, pursuant to 28 U.S.C. § 1367, this court has supplemental jurisdiction over any state law claims in this action.

4. This civil action relates to work performed under a subcontract for the United States Army's Military Ocean Terminal Sunny Point (the "Project"). Pursuant to the forum selection clause in Section 16.3(b) that subcontract, the Defendants have consented to this Court's exercise of personal jurisdiction. Further, the subcontract was executed, at least in part, in Ohio. In addition, this action may be brought in this court because Defendants have consented to this venue in Section 16.3(b) of the subcontract.. Accordingly, venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(3).

## PARTIES

5. Plaintiff Vector Corrosion Technologies, Inc. ("Vector") is a North Dakota corporation, with its principal place of business at 2504 Main Avenue West, West Fargo, North Dakota 58078.

6. Defendant NGM Insurance Company ("Surety") is a Florida corporation, with its principal place of business at 4601 Touchton Road East, Suite 3400, Jacksonville, Florida 32246. Surety is engaged in the business, among other things, of providing, as surety, payment and performance bonds for contracts with the federal government in accordance with 40 U.S.C. § 3131(b); and is a named surety for the Miller Act Bond (Bond No. 316919).

7. Defendant CECOS Group, LLC ("CECOS"; together with Surety, "Defendants") is an Ohio limited liability company, with its principal place of business at 403 Vine Street, 3rd

Floor, Cincinnati, Ohio 45202. CECOS is the named principal on the Miller Act Bond.

8.  This Complaint is brought within the time allowed by the Miller Act, 40 U.S.C. § 3133(b).

**FACTS**

9.  The Federal Government owns the Project. The United States Government contracted with CECOS, as prime contractor, to perform the work concerning J & N pile, deck and miscellaneous repairs for the South Wharf at MOTSU, Sunny Point, Brunswick County, North Carolina (the "Project"). The total prime contract amount for the Project exceeded $100,000.

10. On or around January 23, 2018, Surety executed and furnished the Miller Act Bond to the United States of America for the Project as evidenced by that certain Bond Number 316919 (the "Miller Act Bond"). In accordance with the Miller Act, the Miller Act Bond is for the protection of all persons supplying labor and material in carrying out work for the Project. A true and correct copy of the Miller Act Bond is attached as **Exhibit 1**.

11. On or around March 28, 2018, CECOS entered into a subcontract with Plaintiff for a portion of the Project as evidenced by that certain Subcontract Agreement between CECOS Group LLC and Vector Corrosion Technologies, identified by subcontract number MOTSU-VCT-2018 (the "Subcontract"). A true and correct copy of the Subcontract is attached as **Exhibit 2**.

12. Pursuant to the Subcontract, Plaintiff agreed to supply various cathodic protection products as outlined in the Subcontract and the associated purchase orders ("Project Work"). CECOS sought some materials and labor from Plaintiff in accordance with the Subcontract in a purchase order dated March 28, 2018, as evidenced by that certain Purchase Order #MOTSU-

VCT-2018-PO No. 1 ("PO #1").

13. On June 5, 2018, Plaintiff received the second purchase order from CECOS for additional products and labor pursuant to the Subcontract, as evidenced by that certain Purchase Order #MOTSU-VCT-2018-PO No. 2 ("PO #2").

14. Plaintiff provided the materials and labor requested under the Subcontract and PO #1 and PO #2 through at least August 31, 2018 (the "Completed Work"). Some of the materials that CECOS ordered from Plaintiff under PO #1 and PO #2 were custom-made for the Project.

15. On or about November 26, 2018, CECOS modified the purchase orders associated with Plaintiff's Subcontract as evidenced by that certain Purchase Order #MOTSU-C0004-StrucTech001 (the "Modified PO"; collectively with PO #1 and PO #2, the "Purchase Orders"). Among other things, the Modified PO decreased the quantity of materials that CECOS desired, but those materials had already been manufactured and delivered by Plaintiff.

16. Contemporaneously with the Modified PO, CECOS promised to return certain materials that had been delivered by Plaintiff.

17. CECOS failed to return certain materials in accordance with the Modified PO and its promises to Plaintiff. CECOS has also failed to pay the total amounts owed under the Subcontract and Purchase Orders. In addition, because CECOS ordered but then declined to use a number of custom-made products, Plaintiff suffered harm because it was not able to realize the same revenue from the re-sale or re-use of those products.

18. As a result, CECOS has breached the Subcontract and Purchase Orders, resulting in harm to Plaintiff.

19. Further, because CECOS has failed and refused to pay Plaintiff what it is owed, Plaintiff is also entitled to seek compensation from the Miller Act Bond.

20. As of the date of this Complaint, the unpaid amount owed to Plaintiff for the direct cost of labor and materials for Completed Work exceeds $454,047.00, together with any further costs relating to labor and materials for Project Work including without limitation the additional costs Plaintiff incurred as a result of Project delays, disruptions, accelerated work, compressed work, cumulative impacts to work, inability to re-sell or re-use certain products, and allowable costs, disbursements, and attorneys' and consultants' fees and costs (collectively, the "Unpaid Amount").

21. Plaintiff has submitted a claim to Defendants for the Unpaid Amount, but, to date, Defendants have refused to pay Plaintiff. A true and correct copy of the claim made on the Miller Act Bond is attached as **Exhibit 3**.

22. Plaintiff is a proper claimant under the Miller Act Bond.

23. Any conditions precedent to Plaintiff's claims in this Complaint have been satisfied, waived, or are moot.

## CAUSES OF ACTION

### Count One
### Breach of Contract—CECOS

24. Plaintiff incorporates the preceding paragraphs by reference as if fully restated in this paragraph.

25. The Subcontract is a valid and enforceable contract entered into between Plaintiff and CECOS. In addition, the Purchase Orders represent valid and enforceable contracts between Plaintiff and CECOS.

26. Under the Subcontract and the Purchase Orders, CECOS agreed to pay Plaintiff in exchange for Plaintiff's provision of materials to the Project.

27. Plaintiff supplied materials to the Project in accordance with the Subcontract and

the Purchase Orders and otherwise fulfilled all terms and conditions under the Subcontract and the Purchase Orders.

28. Nevertheless, CECOS did not pay the Unpaid Amount to Plaintiff within 90 days after the day on which Plaintiff performed the last of the labor or furnished or supplied the last of the material for the Project, and the Unpaid Amount remains unpaid. Further, CECOS did not return certain materials as it promised, and has failed and refused to compensate Plaintiff for the damages Plaintiff has suffered as a result of its inability to realize the same revenue by re-selling or re-using certain custom-made materials.

29. As a direct result of CECOS' failure to pay the Unpaid Amount, as well as the other conduct noted above, CECOS has breached the Subcontract. Plaintiff suffered and continues to suffer damages as a result of those breaches in an amount to be proven at trial, but not less than $454,047.00, plus allowable costs, disbursements, interest, and attorneys' and consultants' costs and fees.

### Count Two
### Miller Act Bond Claim—CECOS and Surety

30. Plaintiff incorporates the preceding paragraphs by reference as if fully restated in this paragraph.

31. Plaintiff is a proper claimant under the Miller Act Bond because Plaintiff contracted directly with CECOS, who was the prime contractor on the Project.

32. CECOS, as principal, and Surety are obligated under the Miller Act Bond to pay Plaintiff, as claimant, for the labor furnished and materials supplied in carrying out or prosecuting Project Work.

33. Despite claims and demands from Plaintiff, Defendants failed and refused to pay Plaintiff for labor it furnished and materials it supplied in carrying out Project Work.

34. Accordingly, Defendants have breached their obligations to pay Plaintiff under the Miller Act Bond. As a direct result of that breach, Defendants are liable, jointly and severally, to Plaintiff under the Miller Act and on the Miller Act Bond for an amount to be proven at trial, but not less than $454,047.00, plus allowable costs, disbursements, interest, and attorneys' and consultants' costs and fees.

### Count Three
### Unjust Enrichment—CECOS

35. Plaintiff incorporates the preceding paragraphs by reference as if fully restated in this paragraph.

36. In the event that Plaintiff and CECOS did not have a contract for some or all of the work performed or materials supplied on the Project, CECOS received the benefit of Plaintiff's labor and materials, and CECOS solicited such labor and materials from Plaintiff with an understanding that Plaintiff would be paid for such work.

37. Plaintiff provided labor and materials for the Project to CECOS, who received and utilized the labor and materials.

38. Demand has been made for payment, but CECOS has failed and refused to make payment. CECOS would be unjustly enriched if it were allowed to enjoy the benefit that Plaintiff provided without compensating Plaintiff for the labor and materials Plaintiff supplied.

39. As a result, CECOS should be required, equitably, to pay the value of the work that Plaintiff performed in an amount to be proven at trial, but not less than $454,047.00, plus allowable costs, disbursements, interest, and attorneys' and consultants' costs and fees.

### REQUEST FOR RELIEF

Plaintiff therefore respectfully requests the following relief from this Court, with Plaintiff's continued express reservation of further contractual, statutory and equitable rights and

claims:

1. Judgment for Plaintiff and against CECOS for breach of the Subcontract and Purchase Orders in an amount not less than $454,047.00, plus allowable costs, disbursements, interest, and attorneys' and consultants' costs and fees;

2. Judgment for Plaintiff and against Defendants, jointly and severally, for breach of the Miller Act and on the Miller Act Bond in an amount not less than $454,047.00, plus allowable costs, disbursements, interest, and attorneys' and consultants' costs and fees;

3. Judgment for Plaintiff and against CECOS for unjust enrichment in an amount not less than $454,047.00, plus allowable costs, disbursements, interest, and attorneys' and consultants' costs and fees; and

4. Any further relief in Plaintiff's favor as this Court deems just.

## JURY DEMAND

Plaintiff respectfully demands a jury trial on all triable issues.

Dated: August 30, 2019

Respectfully submitted by:

 s/ *Christina T. Hassel*
Christina T. Hassel (0088504)
HAHN LOESER & PARKS LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Phone: (216) 621-0150
Fax:   (216) 241-2824
Email: chassel@hahnlaw.com

Benjamin D. Eastburn (MN Bar No. 0391109)
(*pro hac vice* to be submitted)
Kevin P. Kitchen (MN Bar No. 0399297)
(*pro hac vice* to be submitted)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 335-1500
benjamin.eastburn@stinson.com
kevin.kitchen@stinson.com

**COUNSEL FOR PLAINTIFF
VECTOR CORROSION TECHNOLOGIES, INC.**